WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Joyce A. C.,

Plaintiff,

v.

Commissioner of Social Security Administration,

Defendant.

No. CV-26-08078-PCT-SHD

**ORDER**

Pending is Defendant Commissioner of Social Security Administration's Motion to Dismiss for Failure to State a Claim, (Doc. 8). Claimant Joyce. A. C. ("Claimant")[1], who proceeds pro se, did not respond to the Motion. On July 8, 2026, the Court issued an order directing Claimant to respond by no later than July 22, 2026. (Doc. 9.) The Clerk's Office mailed the order to Claimant's physical address. As of the date of this order, the July 8, 2026 order has not been returned as undeliverable and Claimant has not responded. On August 11, 2026, the Court issued an order directing Claimant to show cause by no later than August 21, 2026, as to why this matter should not be dismissed. (Doc. 10.) The August 11, 2026 order was mailed to Claimant's physical address and as of this date has not been returned as undeliverable. The August 21 deadline has passed, and Claimant has not responded to the pending Motion to Dismiss or the order to show cause.

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action for failure

[1] As a matter of practice, Claimant is referred to as such and, at most, by her first name and last initial to protect her privacy.

to prosecute. Fed. R. Civ. P. 41(b); *see Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (a court may dismiss under Rule 41(b) for failure to prosecute or comply with rules of civil procedure or the court's orders).

Dismissal for failure to prosecute, however, is a "harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Before dismissing Claimant's case, the Court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Id.* (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); *Mir v. Fosburg*, 706 F.2d 916, 918 (9th Cir. 1983)). Additionally, "[a] dismissal for lack of prosecution must be supported by a showing of unreasonable delay," but the district court "is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *Henderson*, 779 F.2d at 1423. The Court will consider the merits of each of the five *Henderson* factors, in turn.

First, "the public's interest in expeditious resolution of litigation," *id.*, favors dismissal. Claimant initiated this case on April 6, 2026, and if not for Claimant's failure to respond to Defendant's Motion or the Court's orders, the Motion would have been ripe for decision as of June 30, 2026. Without a decision on the Motion to Dismiss, a deadline for Defendant to file the administrative record is stayed, thus delaying the parties' briefing and resolution of Claimant's appeal.

Second, "the court's need to manage its docket," *Henderson*, 779 F.2d at 1423, favors dismissal. Claimant's failure to prosecute has required the Court to expend its judicial resources reviewing the docket, computing deadlines, and drafting additional orders regarding Claimant's failure to respond to the Motion to Dismiss and the Court's

orders. (*See* Docs. 9, 10.)

Third, "the risk of prejudice to the defendants," *Henderson*, 779 F.2d at 1423, favors dismissal. "Unreasonable delay creates a presumption of injury to the defense." *Id.* The Claimant has caused unreasonable delay, and therefore, prejudice to the defendants is presumed.

Fourth, "the public policy favoring disposition of cases on their merits," *id.*, slightly disfavors dismissal. Dismissing Claimant's appeal at this stage—whether with or without prejudice—will likely preclude her from challenging the Social Security Administration's benefits decision, as the time to appeal that decision has passed. 42 U.S.C. § 405(g) (allowing 60 days to seek review of any final decision of the Commissioner of Social Security). "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Thus, although this factor "weighs against dismissal, the weight is slight." *J&J Sports Productions, Inc. v. Mojica*, 2014 WL 4794179, at *4, (N.D. Cal. September 25, 2014).

Fifth, "the availability of less drastic sanctions," *id.*, favors dismissal. Here, Claimant has been given two warnings to comply with the Court's orders. (*See* Doc. 9 ("Plaintiff is cautioned that failing to timely respond to the motion to dismiss may be deemed to be consent to motion being granted."); Doc. 10 ("Plaintiff was cautioned that a failure to respond may be deemed as consent to the Court granting the motion.").) The Court has no evidence that Claimant did not receive the copies of the Court's orders as they were not returned as undeliverable. By refusing to respond to the Motion to Dismiss or to the Court's orders, Claimant has left the Court with no ability to understand her claims of error and address the merits of her appeal. The Court finds that a less drastic sanction, such as an additional warning, is unlikely to have any effect on Claimant. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424

(citations omitted).

In sum, *Henderson* factors one, two, three, and five favor dismissal and four disfavors dismissal. Thus, in the aggregate, the *Henderson* factors weigh in favor of a dismissal without prejudice for failure to prosecute. *See Henderson*, 779 F.2d at 1425.

Accordingly,

**IT IS ORDERED** that Claimant's case is dismissed without prejudice for failure to prosecute. The Clerk of Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, (Doc. 8), is deemed moot.

Dated this 8th day of September, 2026.



Honorable Sharad H. Desai
United States District Judge